IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:22-CV-01238 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MROCZKA, | |
| Defendant. | |

### MEMORANDUM OPINION & ORDER

#### AUGUST 31, 2023

Plaintiff Michael Nelson filed the instant *pro se* lawsuit under 42 U.S.C. § 1983. He alleges that defendant Mroczka, a psychologist, was deliberately indifferent to his serious medical needs on a single occasion on May 9, 2022. Nelson has filed two related motions for an adverse inference instruction based on purported spoliation of evidence.[1] For the following reasons, the Court will deny Nelson's motions.

Nelson avers that, on the day following the incident with Mroczka, he filed an administrative grievance in which he requested that the prison's closed-circuit video footage be preserved.[2] According to Nelson, and as confirmed by Mroczka,[3] the video was not preserved. Nelson claims this video would have shown that

---

[1] Docs. 70, 104.
[2] *See* Doc. 71 at 1.
[3] *See* Doc. 80-1 at 3.

"Mroczka met with [Nelson] at his cell door and showed them having an exchange."[4]  Nelson does not specify what the "adverse inference instruction" should state or explain to the jury.  However, this question need not be answered because Nelson's motions are meritless.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[5]  To resolve a spoliation claim, a court must conduct a two-part inquiry[6]: first, the Court must determine whether a party's conduct constitutes spoliation"[7]; second, "[i]f the Court finds that a party has engaged in spoliation, it must next consider the appropriate sanctions available to redress the situation."[8]

The United States Court of Appeals for the Third Circuit has established a four-part test to evaluate whether spoliation has occurred.  Under this test, spoliation occurs where: (1) "the evidence was in the party's control"; (2) "the evidence is relevant to the claims or defenses in the case"; (3) "there has been actual suppression or withholding of evidence"; and (4) "the duty to preserve the

---

[4]  *Id.* at 2.  In response to Nelson's request for production of documents, Mroczka indicated that the closed-circuit video footage would not contain any audio.  *See* Doc. 80-1 at 3.

[5]  *Mosaid Tech. Inc. v. Samsung Elec. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citations omitted); *see also* FED. R. CIV. P. 37(e) (concerning failure to preserve electronically stored information); *Bistrian v. Levi*, 448 F. Supp. 3d 454, 467 (E.D. Pa. 2020).

[6]  *McCann v. Kennedy Univ. Hosp., Inc.*, No. 12-cv-1535, 2014 WL 282693, at *4 (D.N.J. Jan. 24, 2014).

[7]  *Id.* (citation omitted).

[8]  *Id.*

evidence was reasonably foreseeable to the party."[9] As to the third element concerning suppression or withholding of evidence, "a finding of bad faith"—which may be inferred from circumstantial evidence—is "pivotal" to determining whether "sanctionable spoilation" has occurred.[10] Accidental or inadvertent conduct is insufficient to implicate sanctions like an adverse inference instruction or a presumption of the evidence being unfavorable; there must be intentional destruction or suppression of evidence.[11]

Nelson's motions fail at almost every element of the initial spoliation analysis. First, the video footage at issue was not within Mroczka's control. Mroczka is not employed by the Department of Corrections; rather, she works for Psychologist Services Specialists.[12] Thus, Mroczka was not involved in the preservation or retention of closed-circuit video footage from SCI Mahanoy at any time, nor did she ever have access to this video footage.[13]

Nelson also cannot establish the third element because there is no evidence that Mroczka suppressed or destroyed evidence (which is quite logical, as she never possessed or controlled the video footage). Obviously, without any evidence

---

[9] *Bull v. UPS, Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (citing *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)).
[10] *Id.* at 79.
[11] *Id.* (citing *Brewer*, 72 F.3d at 334).
[12] *See* Doc. 80 at 3.
[13] *See* Doc. 80-2 ¶¶ 3-5; *see also Freeman v. Dep't of Corr.*, No. 3:07-CV-2191, 2011 WL 94422, at *2 (M.D. Pa. 2011) (finding that nurse practitioner not employed by DOC, who never had possession or control of prison video footage, cannot be deemed responsible for its loss and thus spoliation could not be established with regard to her).

that Mroczka participated in the alleged withholding or destruction of evidence, there can be no finding of "bad faith" on her part as is required to establish spoliation.

Finally, Mroczka had no duty to preserve the video footage. That duty would likely fall on a prison official who either handled Nelson's grievance or who managed the electronic data and video files at SCI Mahanoy. Regardless, it would not be the responsibility of a psychologist employed by Psychologist Services Specialists. Thus, Nelson has failed to establish three of the four elements required to show spoliation has occurred.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Nelson's motions for adverse inference instructions (Docs. 70, 104) are **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge