IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:22-CV-01238 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MROCZKA, | |
| Defendant. | |

# MEMORANDUM OPINION

### SEPTEMBER 8, 2023

Plaintiff Michael Nelson, a serial prisoner litigant, filed the instant *pro se* Section 1983[1] action in August 2022, claiming that a state prison medical provider violated his Eighth Amendment rights with regard to medical care. Both parties have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the Court will grant Defendant's motion for summary judgment and deny Nelson's Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.   **FACTUAL BACKGROUND**[2]

The factual backdrop to this matter is brief and uncomplicated. On May 9, 2022, Nelson alleges that he was experiencing "mental distress" and "continuous pain" and because of these issues he was suicidal.[3] Nelson claims that defendant Mroczka, a Psychological Services Specialist (PSS) for SCI Mahanoy, came to his cell door around 10:30 a.m. and he relayed his concerns to her and threatened to kill himself.[4] Nelson alleges that Mroczka responded by calling him a "nuisance" and then "encouraged [him] to commit suicide."[5] Mroczka has consistently and vehemently denied making these remarks.[6]

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Both statements must include "references to the parts of the record that support the statements." *Id.* Nelson filed his motion for summary judgment on February 6, 2023, (Doc. 49), but did not file a statement of material facts as required by Local Rule 56.1. Defendant Mroczka filed her motion for summary judgment on June 23, 2023, (Doc. 92), and filed her statement of material facts the same day, (Doc. 93). Nelson failed to file a separate responsive statement of facts as required by Local Rule 56.1, although he did identify which paragraphs were admitted and which were disputed in his brief in opposition to Mroczka's Rule 56 motion. *See* Doc. 96 ¶¶ 2-3. Nelson, however, did not support his makeshift responsive statement of facts with references to the record as required by Local Rule 56.1. Accordingly, Mroczka's statement of material facts will be deemed admitted unless contradicted by the record. *See* LOCAL RULE OF COURT 56.1.
[3]   Doc. 1 ¶ 9.
[4]   *Id.*; Doc. 93 ¶¶ 2, 5.
[5]   Doc. 1 ¶ 9.
[6]   *See* Doc. 50-1 at 5 ("vehemently" denying remarks during initial grievance investigation); Doc. 31 ¶ 9 (denying remarks in answer to complaint); Doc. 95 at 21 (denying remarks at Rule 56 stage); Doc. 98 at 2 n.1 (same).

Nelson was seen again by psychological services around 2:20 p.m. that same day.[7] This time, he met with PSS Alyssa Galassi, who noted that Nelson was claiming that his "foot was hurting and he needed the POC," but that he did not express suicidal ideation or a suicidal plan.[8] Galassi reported that Nelson told her, "[Y]'all need to do your fuckin' jobs, I'll make you stay past 4 if I need to. My foot is in pain and they refuse to see me."[9] Galassi informed Nelson that he could submit a sick-call slip for his foot pain and confirmed that medical had been contacted regarding the issue.[10] She further noted that Nelson "continues to seek psychology for non-psychology matters and takes no responsibility for his actions," and ended the session because Nelson was not "engaging in therapy appropriately" or seeking treatment regarding mental health concerns.[11]

Nelson concedes that he did not suffer a physical injury at any time from the May 9, 2022 events,[12] nor does he claim that he suffered any type of mental or emotional injury.[13] He simply maintains that his Eighth Amendment rights were violated by Mroczka's purported remarks at his cell door. He filed a grievance

---

[7] Doc. 93 ¶ 6; Doc. 93-3 at 2.
[8] Doc. 93 ¶ 7; Doc. 93-3 at 2. Nelson avers that "POC" stands for Psychiatric Observation Cell, a special type of cell that is used to hold mentally unstable inmates who may be a danger to themselves or others and which allows for constant supervision of the inmate. *See* Doc. 96 ¶ 5. He does not support this statement with any evidence or authority.
[9] Doc. 93-3 at 2.
[10] *Id.*; Doc. 93 ¶ 9.
[11] Doc. 93-3 at 2.
[12] Doc. 93 ¶ 10; Doc. 96 ¶ 2.
[13] *See generally* Doc. 1.

regarding his allegations against Mroczka the following day, which was received by prison officials on May 12, 2022.[14] On June 3, 2022, the Facility Grievance Coordinator extended the grievance response deadline by 10 working days,[15] and then denied the grievance on June 21, 2022.[16] As admitted by prison officials, this initial denial was due by June 17, 2022, and was not completed until June 21, 2022—two working days beyond the 25-working-day response deadline.[17]

Nelson filed suit in this Court in August 2022.[18] He asserts a single claim of Eighth Amendment "deliberate indifference to his serious mental/medical need[s]" against Mroczka.[19] He moved for summary judgment on February 6, 2023,[20] but failed to comply with Local Rule of Court 56.1.[21] Mroczka moved for summary judgment on June 23, 2023.[22] Both Rule 56 motions are ripe for disposition.

---

[14] *See* Doc. 93 ¶ 11; Doc. 50-1 at 2.
[15] Doc. 50-1 at 3.
[16] *Id.* at 4.
[17] *See* Doc. 1-3.
[18] *See generally* Doc. 1.
[19] *See id.* ¶ 1. Nelson cursorily mentions that the Court has supplemental jurisdiction over "state law torts," (*see id.* ¶ 3), but he does not plead any state law claims in his complaint. To the extent that his complaint can be construed as asserting a claim for negligence, (*see id.* ¶ 9), that claim is both meritless and abandoned. It is meritless because Nelson has not pled or adduced evidence of actual harm or damage. *See Brewington ex rel. Brewington v. City of Philadelphia*, 199 A.3d 348, 355 (Pa. 2018) ("In Pennsylvania, the elements of negligence are: a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff."). It is abandoned because Mroczka expressly challenged that any state law claim was plausibly pled, (*see* Doc. 95 at 10 n.1), and Nelson failed to respond in any way. *See Diodato v. Wells Fargo Ins. Serv.*, 44 F. Supp. 3d 541, 556 (M.D. Pa. 2014) (explaining that failure to respond to opposing party's Rule 56 argument(s) constitutes waiver or abandonment of at-issue claim(s)).
[20] Doc. 49.
[21] *See supra* note 2.
[22] Doc. 92.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[23] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[25]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[26] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[27] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[28] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[24] FED. R. CIV. P. 56(a).
[25] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[27] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[28] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

5

could reasonably find for the [nonmovant]."[29]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[30]

Courts are permitted to resolve cross-motions for summary judgment concurrently.[31]  When doing so, the court is bound to view the evidence in the light most favorable to the non-moving party with respect to each motion.[32]

## III. DISCUSSION

Mroczka argues that Nelson's Eighth Amendment claim fails as a matter of law for several reasons.  First, Mroczka contends that qualified immunity applies because Nelson cannot establish that a constitutional violation occurred and that, assuming *arguendo* there was a violation, the right violated was not clearly established at the time of the events at issue.  She also claims that Nelson failed to exhaust administrative remedies.[33]  The Court need only address the first prong of

---

[29] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[30] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

[31] *See Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008); *see also Johnson v. Fed. Express Corp.*, 996 F. Supp. 2d 302, 312 (M.D. Pa. 2014); 10A CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 2720 (3d ed. 2015).

[32] FED. R. CIV. P. 56; *Lawrence*, 527 F.3d at 310 (quoting *Rains v. Cascade Indus.*, 402 F.2d 241, 245 (3d Cir. 1968)).

[33] As to administrative exhaustion, now that the record is complete, that issue can be resolved definitively.  Prison officials had 25 working days (after seeking a 10-working-day extension) to respond to Nelson's grievance (received on May 12, 2022), which meant that the Facility Grievance Coordinator's response was due by June 17, 2022.  However, that response did not issue until June 21, 2022, two working days late.  The Grievance Coordinator's untimely response means that Nelson discharged his duties under the PLRA and exhausted administrative remedies with respect to his claim against Mroczka.  *See Shifflett v. Korszniak*, 904 F.3d 356, 365, 367 (3d Cir. 2019) (requiring strict compliance by prison officials with time limits set forth in prison's own polices).

Mroczka's qualified immunity argument because Nelson has failed to establish that a genuine dispute of material fact exists as to whether a constitutional violation occurred.[34]

### A. Eighth Amendment Medical Indifference Claim

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[35] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[36] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[37]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[38] Deliberate indifference to serious medical needs is an exacting standard,

---

[34] *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining that the Court has "discretion to decide which of the two prongs of qualified-immunity analysis to tackle first").
[35] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[36] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[37] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[38] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[39]  Claims sounding in mere medical negligence will not suffice.[40]

Mroczka maintains that Nelson has put forth "no competent, admissible evidence to support any allegation that" she was deliberately indifferent to a serious medical need, *i.e.*, that she "recklessly disregard[ed] a substantial risk of serious harm."[41]  According to Mroczka, Nelson has not, and cannot, proffer competent, admissible evidence that she was subjectively (or objectively, for that matter) aware of an excessive risk of serious harm to Nelson's health or safety on May 9, 2022.[42]

Mroczka is correct.  Nelson has not proffered evidence showing that Mroczka was aware of Nelson's preexisting mental health conditions or suicidal tendencies such that his alleged comments to her on May 9 could implicate an excessive risk of serious harm to his health or safety.[43]

But Nelson's Rule 56 deficiencies are far more comprehensive than that. Nelson has not offered *any* evidence that would establish that Mroczka was deliberately indifferent to his mental health needs, *including* making the alleged

---

[39] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[40] *Rouse*, 182 F.3d at 197.
[41] *See* Doc. 95 at 18-19 (quoting *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009)); *see also* FED. R. CIV. P. 56(c)(1)(B).
[42] *See* Doc. 93 ¶¶ 20-22.
[43] *Cf. Colburn v. Upper Darby Township*, 946 F.2d 1017, 1024 (3d Cir. 1991) (explaining that, for a claim involving pretrial detainee's particular vulnerability to suicide, there must be a strong likelihood that self-inflicted harm will occur and that prison officials knew or should have known of that strong likelihood).

remarks that are the crux of his Section 1983 claim. Nelson has not, for example, proffered an affidavit or declaration regarding the alleged events of May 9, 2022. He has not provided any supporting witness statements or pointed to record evidence that would establish the truth of his allegations (beyond his assertion that he exhausted administrative remedies). His complaint is not verified; it does not even contain a signature.[44]

Rather, Nelson has simply made bare allegations regarding a single supposed conversation, the substance of which Mroczka expressly denies. At summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[45]

Additionally, even if Nelson had provided such evidence, his claim would still fail as a matter of law. It is undisputed that Nelson was seen again by psychological services mere hours after the alleged incident. During that second psychology visit, Nelson did not report suicidal ideation or planning, and was assured that his foot-pain issues would be referred to medical and that he would receive treatment. The visit was ultimately terminated because Nelson was "not

---

[44] *See* Doc. 1 at 3.
[45] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

engaging in therapy appropriately" and was expressing concerns over his physical, rather than mental, health.[46] Moreover, Nelson has not alleged *any* injury or harm from the purported conversation with Mroczka. Thus, even assuming Mroczka made the disputed remarks, such comments—while unprofessional—in and of themselves do not rise to the level of a constitutional violation,[47] especially when Nelson received mental health treatment immediately thereafter and cannot allege any type of resultant harm.[48]

In sum, Nelson has not carried his burden at the Rule 56 stage. He has not presented evidence from which a jury could reasonably find in his favor on his

---

[46] Doc. 93-3 at 2.

[47] *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases); *Manning v. Flock*, No. 1:11-CV-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); *Graham v. Main*, Civil Action No. 10-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner."); *Mohamed v. Aviles*, Civil No. 06-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).

[48] *See Brooks v. Kyler*, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (explaining that prisoner's claim could not survive Rule 56 challenge because "he presented no evidence of any harm resulting from a delay in medical treatment") (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *Joh v. Suhey*, 709 F. App'x 729, 731 (3d Cir. 2017) (nonprecedential) (finding that brief delay in treatment did not demonstrate that medical provider disregarded "an excessive risk" to inmate's safety because inmate did not allege that "the delay in treatment led to any serious harm"); *see also DeJesus v. Delaware*, 833 F. App'x 936, 940 (3d Cir. 2020) (noting that deliberate indifference to serious medical need must have caused "harm or physical injury" to plaintiff); *Westfall v. Luna*, 903 F.3d 534, 551 (5th Cir. 2018) ("Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm," which can include the "pain suffered during the delay itself") (citation omitted)); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."); *Kellum v. Mares*, 657 F. App'x 763, 771 (10th Cir. 2016).

Eighth Amendment claim. In his own motion for summary judgment, Nelson literally relies on the allegations contained in his unsigned complaint.[49] He then contends that he has stated an Eighth Amendment claim and cites the standard of review for a Rule 12(b)(6) motion.[50] But this is not the motion-to-dismiss stage, and Nelson's allegations need not be accepted as true. Thus, even if Nelson's complaint states an Eighth Amendment medical indifference claim, which is doubtful, he must do more at summary judgment than rely on his bare allegations.

The Court has gone beyond its required duties and reviewed all 99 pages of attachments to Nelson's Rule 56 motion,[51] even though "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[52] Nothing in Nelson's attachments constitutes admissible evidence that would substantiate his claim regarding Mroczka's alleged remarks.

Nelson has failed to establish that there is a genuine issue for trial, so the Court must grant Mroczka's motion for summary judgment. For the same reasons, Nelson's cross-motion for summary judgment must be denied.[53]

---

[49] *See* Doc. 50 at 1 (citing Doc. 1 ¶ 9).
[50] *See id.* at 1-2 ("The court has to accept all allegations in the complaint as true and construe them in the light most favorable to Mr. Nelson.").
[51] *See generally* Doc. 50-1.
[52] FED. R. CIV. P. 56(c)(3).
[53] Nelson's abject noncompliance with Local Rule 56.1 (by failing to submit a statement of material facts) also dooms his attempt to move for summary judgment. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that Local Rule 56.1 "is essential to the Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to

## IV. CONCLUSION

Based on the foregoing, the Court will grant Mroczka's motion for summary judgment and deny Nelson's cross-motion for summary judgment. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

prove a disputed fact with admissible evidence." (internal quotation marks and citations omitted)).